UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**DANNY R. PLANAVSKY,**

                                    **PLAINTIFF,**

                  v.                            6:05-MC-00004 (NAM)

**VILLAGE OF JOHNSON CITY, SCOTT GALLAGHER,
JOHN CHAUNCEY, RICHARD BALLES, DONALD
ADAMS AND HARRY G. LEWIS,**

                                    **DEFENDANTS.**

APPEARANCES:

Reizes Law Firm
Leslie N. Reizes, Esq., of Counsel
1177 George Bush Boulevard, Suite 308
Delray Beach, Florida 33483
Attorneys for Plaintiff

Coughlin, Gerhart Law Firm
Todd D. Kilpatrick, Esq., of Counsel
P.O. Box 2039
20 Hawley Street
Binghamton, New York 13902-2039
Attorneys for Defendant Village of Johnson City

Scott Gallagher
Defendant, *pro se*

John Chauncey
Defendant, *pro se*

Richard Balles
Defendant, *pro se*

Donald Adams
Defendant, *pro se*

Harry G. Lewis
Defendant, *pro se*

**Hon. Norman A. Mordue, D.J.:**

                        **MEMORANDUM-DECISION AND ORDER**

In the adversary proceeding herein, plaintiff moves for mandatory withdrawal of the reference to Bankruptcy Court. Plaintiff relies on the requirement in 28 U.S.C. § 157(d) that district court "shall" withdraw from bankruptcy court to district court any proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Mandatory withdrawal has been construed narrowly in this circuit. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990). It is "not available merely whenever non-Bankruptcy Code federal statutes will be considered in the Bankruptcy Court proceeding, but is reserved for cases where **substantial and material** consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *Id.* (emphasis added; citations omitted). Stated otherwise, section 157(d) requires withdrawal to the district court of matters that "would otherwise require a bankruptcy court judge to engage in **significant** interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (emphasis added).

Proceedings which have been found to be subject to mandatory withdrawal commonly involve either: (1) complicated interpretive issues, often of first impression, under non-bankruptcy federal law; or (2) resolution of substantial and material conflicts between bankruptcy and non-bankruptcy federal law; or both. For example, in *In re Johns-Manville Corp.*, withdrawal was mandatory because resolution of the adversary matter required significant interpretation of CERCLA,[1] as well as assessment of the relationship of the CERCLA claims to the automatic stay under the Bankruptcy Code. 63 B.R. 600, 603 (S.D.N.Y.1986). And in *In re*

---

[1] Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9607 *et seq*.

-2-

*Chateaugay Corp.*, withdrawal of the proceeding was mandatory where issues of first impression under ERISA [2] were "presented in sharp conflict with competing provisions of the [Bankruptcy] Code."  86 B.R. 33, 38-39 (S.D.N.Y. 1987).  *See also In re Horizon Air, Inc.*, 156 B.R. 369, 374 (N.D.N.Y. 1993) (mandatory withdrawal required where proceeding involved interpretation of several provisions of Federal Aviation Act and their interrelationship with Federal Aviation Administration regulations).  *Compare In re C-TC 9th Ave. Partnership v. Norton Co.*, 177 BR 760, 764 (N.D.N.Y. 1995) (no mandatory withdrawal of proceeding involving CERCLA claims; no showing that proceeding presented conflict between Bankruptcy Code and CERCLA, nor that it presented CERCLA issues of first impression); *In re Adelphi Institute, Inc.*, 112 B.R. 534, 536 (S.D.N.Y. 1990) (no mandatory withdrawal of proceeding involving RICO claims[3]; no showing that proceeding presented conflict between Bankruptcy Code and RICO, nor that substantial and material consideration of RICO laws would be required); *In re Chadborne Inds., Ltd.*, 100 B.R. 663, 668 (S.D.N.Y. 1989) (no mandatory withdrawal of adversary proceeding presenting question whether trustee is "successor employer" within meaning of National Labor Relations Act[4]; proceeding merely presents "straightforward" labor law issues).

    In the present proceeding, in support of withdrawal, plaintiff's counsel states:

> The suit brought by the Plaintiff alleges that the Village of Johnson City built a police station and jail facility on real property belonging to the Plaintiff thereby constituting an inverse condemnation and also a deprivation by the Village and the individual defendants of the civil rights of the Plaintiff.

---

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

[3] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*

[4] *See Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 43 (1987).

> The suit alleges the violation of [42] U.S.C. § 1983. That statute regulates activities and organizations affecting interstate commerce.

(Paragraph numbering omitted.)

Upon review of this record, and applying the standards articulated above, this Court concludes that plaintiff has not demonstrated that the adversary proceeding herein is subject to mandatory withdrawal. It is true that the proceeding alleges the violation of a federal civil rights law, 42 U.S.C. § 1983. However, plaintiff has not shown that this proceeding presents complicated issues of interpretation of section 1983 or any other non-bankruptcy federal law. Nor has he shown that it presents a conflict between the Bankruptcy Code and section 1983 or any other non-bankruptcy federal law. To the contrary, it appears on these papers that this proceeding depends primarily on New York State property law, *see, e.g., O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981) (discussing inverse condemnation or "*de facto* taking"), and that the federal aspect of the claim involves the straightforward application of established principles under section 1983. The record presents no other ground for mandatory withdrawal.

The Court finds no basis for mandatory withdrawal. The motion is denied.

IT IS SO ORDERED.

June 14, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge